IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

FELIX A ZEPEDA FUNEZ                    CASE NO. 12-01737 BKT

ERCILIA   FERNANDEZ GOMEZ               Chapter 13


XXX-XX-0701

XXX-XX-5091

                                        FILED & ENTERED ON 06/14/2013

            Debtor(s)


OPINION AND ORDER

    Pursuant to Rule 3008 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 502(j), a party in interest may seek reconsideration of an order allowing or disallowing a claim. Section 502(j) does not permit the reckless reconsideration of a claim nor does § 502(j) disregard the provisions of § 502(a) and § 1327(a). Instead, § 502(j) allows reconsideration of allowed or disallowed claims, but only for cause. See International Yacht and Tennis, Inc. v. Wasserman, 922 F.2d 659 (11th Cir.1991). "Reconsideration of both allowed and disallowed claims may occur at any time before a case is closed, but in such reconsideration the court must weigh the extent and reasonableness of any delay, or prejudice to any party in interest, the effect on efficient court administration and the moving party's good faith." In re Orsini Santos, 349 B.R. 762, 769 (1st Cir.BAP 2006); In re Gomez, 250 B.R. 397 (Bankr.M.D.Fla.1999).

    The meaning of the phrase "for cause" is not clearly defined in the Bankruptcy Code. Several courts have equated a § 502(j) motion for

reconsideration with a motion for relief from judgment under Federal Rule of Bankruptcy Procedure 9024. As such, these courts have held that the movant may only seek reconsideration based on the Rule 60(b) standards. See Matter of Colley, 814 F.2d 1008 (5th Cir.1987). Under Federal Rule of Civil Procedure 60(b), the court may provide relief from judgment based on such things as mistake, newly discovered evidence, fraud, a void or satisfied judgment or any other similar reason justifying relief. Fed.R.Civ.P. 60(b). However, the cases which held the movant to this standard all dealt with proofs of claims that had been actually litigated, and the Fifth Circuit Court of Appeals specifically held in Colley that Rule 60(b) standards are applicable only when the parties have actually litigated an objection on the proof of claim. Colley at 1010. The discretion to reconsider "should not ... encourage parties to avoid the usual rules for finality of contested matters." Id. Reconsideration under § 502(j) is a two-step process. A court must first decide whether "cause" for reconsideration has been shown. In re Jones, 2000 WL 33673759 at *2 (Bankr.M.D.N.C.2000). Then, the Court decides whether the "equities of the case" dictate allowance or disallowance of the claim. Id. The discretion to reconsider "should not ... encourage parties to avoid the usual rules for finality of contested matters."

Movant filed claim number 4-1 on 6/8/2012, and amended the same on 7/6/2012. On 7/11/2012, Debtor objected to claim number 4-2 [Dkt. No. 44], and properly sent notice to the Movant. After 86 days on 10/5/2012, the court entered an order granting the Objection as unopposed [Dkt. No. 54]. The court notes that the record of the case reflects that Movant was represented by counsel and was actively litigating matters pertaining to this same mortgage debt. On 4/1/2013, Movant filed this Reconsideration now pending before the court. Without providing any explanation as to their 178 day silence to the Debtor's Objection to their claim, Movant's Motion contains one paragraph which describes the terms of the alleged mortgage debt between Citibank, NA and Debtor, and references a copy of a

power of attorney purportedly evidencing a servicing agreement between Citibank NA and Movant. The second relevant paragraph states that these documents render the Debtor's Objection as moot. The Movant presents no "cause" for reconsideration in his Motion, and gives no basis for the allowance of their claim "according to the equities of the case." To permit reconsideration of Movant's claim, it was their burden to establish "cause." Movant's Motion does not succeed. Accordingly, the Motion for Reconsideration filed by Citimortgage, Inc., as servicing agent for Citibank NA ("Movant") on 4/1/2013 [Dkt. No. 78] is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 14 day of June, 2013.

Brian K. Tester
U.S. Bankruptcy Judge